UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MACKJO, INC.,
a West Virginia
corporation,

          Plaintiff,

v.                                Civil Action No. 2:13-5833

7-ELEVEN, INC.,
a Texas corporation,

          Defendant.

## MEMORANDUM OPINION AND ORDER

          Pending is the motion to dismiss of defendant 7-Eleven,

Inc. ("7-Eleven"), filed May 24, 2013.


I.


          Mackjo, Inc., is a West Virginia citizen.  7-Eleven is a

Texas citizen.  A non-party, Prima Marketing, LLC, ("Prima") is a

Colorado citizen.  The amount in controversy exceeds the

jurisdictional minimum.

          On June 11, 2010, Mackjo, as Lessor, and Prima, as

Lessee, entered into a lease agreement for a parcel of property

located at the intersection of Childress Road and Corridor G in

Kanawha County.  On July 12, 2011, the parties entered into a

First Amendment to the lease agreement, dealing with a matter of rent, both of which accords will collectively be referred to as the "Lease."

Paragraph 22 of the Lease addresses the matter of purchase options:

22. Certain Rights of Lessee

(a) If at any time during the term of this Lease, Lessor receives from a ready, willing and able purchaser an acceptable bona fide offer to purchase, or makes a bona fide offer to sell to such a purchaser, all or any portion of the Leased Premises or any property which includes all or any portion of the Leased Premises, then Lessor promptly shall give Lessee notice, specifying the name and address of the proposed purchaser and the price and terms of the offer, accompanied by Lessor's affidavit that the proposed sale is in good faith. Lessee shall thereupon have the prior option (the "Purchase Option") to purchase the Leased Premises or the portion thereof or the entire property covered by such offer, at the price and on the same terms as such offer. Lessee may exercise the Purchase Option by giving Lessor written notice within thirty days after Lessee's receipt of Lessor's notice of the offer. Lessee's failure at any time to exercise the Purchase Option shall not affect this Lease or the continuation of Lessee's rights and options under this paragraph or any other provision of this Lease.

{b) Lessee shall have the right and option (the "Special Purchase Option"), exercisable at any time on or after the fifth anniversary until the fifteenth anniversary of the Commencement Date during the term of this Lease, to purchase the Leased Premises free and clear of all liens and encumbrances other than Permitted Encumbrances, for a purchase price (the "Special Purchase Option Price") of $1,600,000.00, if exercised during the fifth Lease Year. Said purchase price shall decrease at the rate of $10,000.00 per year, each year through the fifteenth year. If Lessee exercises the Special Purchase Option, closing of the Special Purchase Option shall take place

2

> within thirty days after the date of the Exercise
> Notice, at a mutually determined time and place. At
> Closing (i) Lessee shall pay the Special Purchase Option
> Price in cash, and (ii) Lessor shall convey the Leased
> Premises to Lessee by general warranty deed, subject
> only to the Permitted Encumbrances.  Lessor shall pay
> the costs of preparing such deed and all applicable real
> property transfer taxes; Lessee shall bear all costs of
> recording the deed, all title insurance premiums and
> expenses of closing fees charged by the title insurance
> company.

(Ex. A, Compl. ¶ 22).  A Memorandum of Lease is recorded in the

office of the Clerk of the Kanawha County Commission.  It quotes

the Purchase Option and the Special Purchase Option provisions

found in paragraph 22 above.

On September 18, 2012, Prima assigned to 7-Eleven "all

right, title and interest of [Prima] under the Lease."

("Assignment").  (Ex. B, Compl. ¶ 2).  On September 12 and 13,

2012, Mackjo and 7-Eleven entered into a Subordination, Non-

Disturbance and Attornment Agreement ("SNDA"), which provides as

follows:

> 10. Joinder of Landlord. The Landlord hereby agrees to
> the subordination and attornment effected hereunder upon
> the terms herein stated. The Landlord and Tenant have a
> dispute with respect to the Landlord's claims and/or
> interpretation pertaining to the provisions of Sections
> 22(a) and 22(b) of the Lease relating to, among other
> things, a right of first refusal and option to purchase,
> and the Landlord and the Tenant agree that Landlord does
> not, by executing this Agreement, or any related
> agreement or instrument, or otherwise, waive, release or
> discharge any claim, cause of action, action or right,
> including, but not limited to, the right to bring a
> declaratory judgment or other legal proceeding relating
> to or arising under the . . . dispute.

(Compl. at ¶ 7; Def.'s Memo. in Supp. at 3).  The SNDA was executed by Mackjo on September 12, 2012, and by 7-Eleven the next day.

Mackjo recently learned that potential purchasers wish to acquire the leased property for $2,000,000.  While the details are a bit sketchy in the record, this offer has exacerbated Mackjo's and 7-Eleven's dispute respecting the meaning of paragraph 22 of the Lease.

Mackjo asserts that it and Prima, the original lessor and lessee, "agree they intended that if the Purchase Option was not exercised by the lessee and a bona fide purchaser buys the property, the Special Purchase Option expires."  (Pl.'s Resp. at 1).  Mackjo attaches email correspondence and proposed, but unexecuted, affidavits authored in 2013 supporting that view as reflecting the understanding of the parties to the lease as of the date of the lease on June 11, 2010.  Those materials were exchanged between Mackjo's president, Ralph Hoyer, and certain Prima principals, namely, chief financial officer and manager, Hamish Fordwood, and managing member Jeff Kramer.  Mr. Hoyer asserts that while Messrs. Fordwood and Kramer would not sign the affidavits presented, which reflected that the failure to exercise

the Purchase Option would invalidate the Special Purchase Option, they are willing to so testify under subpoena to that effect.

7-Eleven relies, <u>inter alia</u>, upon the explicit language found in Lease respecting the effect of the lessee's failure to exercise the Purchase Option: "Lessee's failure at any time to exercise the Purchase Option shall not affect this Lease or the continuation of Lessee's rights and options under this paragraph or any other provision of this Lease." (Lease ¶ 22(a)). It contends this language unambiguously authorizes it to exercise the Special Purchase Option even if it declines at an earlier point to avail itself of the Purchase Option. 7-Eleven asserts that the Lease is so clear on the point that peremptory dismissal is required.

II.

A.   Governing Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when

it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), <u>overruled on other grounds</u>, <u>Twombly</u>, 550 U.S. at 563); <u>see also</u> <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570); <u>see also</u> <u>Monroe v. City of Charlottesville</u>, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'"  <u>Erickson</u>, 127 S. Ct. at 2200 (quoting <u>Twombly</u>, 127 S. Ct. at 1965); <u>see also</u> <u>South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co.</u>, 372 F.3d 245, 255 (4th Cir. 2004) (quoting <u>Franks v. Ross</u>, 313 F.3d 184, 192 (4th Cir. 2002)).  The court must also "draw[] all reasonable . . . inferences from th[e] facts in the

6

plaintiff's favor . . . ." <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999).

Without reaching the parties' competing assertions concerning the Lease language, Mackjo has raised the doctrine of mutual mistake.  Mackjo asserts that it and Prima erred to the extent that they did not make clear in the Lease their mutual intentions respecting paragraph 22, namely, that the Special Purchase Option would expire in the event the Purchase Option was not exercised.[1]

In syllabus points 2 and 3 of <u>First American Title Ins. Co. v. Firriolo</u> 225 W. Va. 688, 690, 695 S.E.2d 918, 920 (2010) , the Supreme Court of Appeals of West Virginia observed as follows:

> 2. "The jurisdiction of equity to reform written instruments, where there is a mutual mistake, or mistake on one side and fraud or inequitable conduct on the other, if the evidence be sufficiently cogent to thoroughly satisfy the mind of the court, is fully established and undoubted." Syllabus Point 2, <u>Nutter v. Brown</u>, 51 W.Va. 598, 42 S.E. 661 (1902).

> 3. "Such equitable remedy [of a court to reform a written instrument] is not absolute, but depends upon whether the reformation sought is essential to the ends of justice." Syllabus Point 2, <u>Buford v. Chichester</u>, 69 W.Va. 213, 71 S.E. 120 (1911).

<u>Id.</u> at 690, 695 S.E.2d at 920 (alteration in original).

---

[1] 7-Eleven notes in its reply brief that Mackjo failed to seek equitable reformation in its complaint.  That is a matter best addressed by Mackjo timely seeking leave to amend the complaint.

In view of the principles governing mutual mistake, and the unresolved evidentiary matters respecting, inter alia, Mr. Fordwood and Mr. Kramer, 7-Eleven has not satisfied its burden under Rule 12(b)(6).  It is, accordingly, ORDERED as follows:

1.  That the motion to dismiss be, and hereby is, denied;

2.  That the stay in this action previously entered on July 15, 2013, be, and hereby is, lifted today;

3.  That Mackjo be, and hereby is, given leave to amend its complaint on or before November 8, 2013; and

4.  That the parties be, and hereby are, directed to meet and confer respecting scheduling on or before November 5, 2013, and to thereafter file on or before November 8, 2013, a Rule 26(f) report setting forth their agreed or respective views concerning the timing of necessary case events.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: October 28, 2013

John T. Copenhaver, Jr.
United States District Judge

8